UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

KENT E. GREENHALGH,

    Plaintiff,

v.                                                                                                                Civ. No. 19-404 GJF

NANCY A. BERRYHILL, *Acting*
*Commissioner of the Social Security*
*Administration*, *et al*.

    Defendants.

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court upon review of Plaintiff's pro se "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983" [ECF 1] ("Complaint"). For the reasons stated below, the Court will **ORDER** Plaintiff to **SHOW CAUSE** as to why his Complaint should not be dismissed without prejudice for its failure (1) to "contain . . . a short and plain statement of the grounds for the court's jurisdiction" for the claim against the Social Security Administration ("SSA") and (2) to "state a claim upon which relief can be granted" for the claim against the New Mexico Human Services Department ("HSD"). Fed. R. Civ. P. 8(a)(1), 12(b)(6).

### I. BACKGROUND

Plaintiff claims that he is disabled because he (1) was diagnosed with hepatitis C, (2) has "[p]ossible torn ligaments in [his] right knee, caus[ing] [him] to limp," which in turn has "caus[ed] problems with [his] hip and spine alignment," and (3) has experienced his health "declin[ing] at a

rapid pace." Compl. 2.[1] Plaintiff alleges that the Defendants, the SSA and the HSD, wrongly denied him disability benefits or "claims for general assistance." *Id.* at 1-2. Plaintiff asserts that these Defendants denied him such benefits or assistance because "not enough evidence ha[d] been admitted," and he further asserts that he is not responsible for this lack of evidence because he has "signed many consent to release forms," hand-delivered pertinent information, and even telephoned both Defendants. *Id.* at 3, 5. Consequently, he requests that this Court grant him "all past due back pay plus hardship dues." *Id.* at 5.

Plaintiff's Complaint is presented on a six-page form, entitled "Civil Rights Complaint (42 U.S.C. Sec. 1983)," which is found on this Court's website. *See* United States District Court, District of New Mexico, Local Forms, available at https://www.nmd.uscourts.gov/forms (last visited on May 14, 2019). In the "Jurisdiction" section, Plaintiff states that Defendants denied him disability benefits or assistance while "acting under color of state law" and that "[j]urisdiction is invoked pursuant to 28 U.S.C. § 1343(3) [and] 42 U.S.C. § 1983." Compl. 1-2. And in the "Cause of Action" section, Plaintiff did not fill out the portion where he is supposed to identify any "constitutional rights, privileges or immunities [that] have been violated." *Id.* at 3. Instead, Plaintiff simply asserts, in the "Supporting Facts" section, that Defendants "violated [his] right[s] by denying [him] benefits." *Id.*

---

[1] Plaintiff alleges that this decline in health began in October 2014, when Plaintiff's blood work, along with an MRI scan, indicated "possible cancer." *Id.* Plaintiff stated that the doctor wanted to perform a biopsy—but Plaintiff "went back to prison and never got the biopsy done." *Id.; see also Greenhalgh v. Walden,* No. CV 17-01003 WJ/KBM, 2018 LEXIS 99906, 2018 WL 2994411, *1-2, *5-6 (D. N.M. 2018) (noting that Plaintiff had "a long history of criminal charges and convictions for possession of controlled substances, trafficking, and residential burglary in the State of New Mexico" and denying as barred by the statute of limitations Plaintiff's pro se "Prisoner's Civil Rights Complaint," which alleged that a doctor gave him three "prostate examinations [that] were unnecessary and caused him to suffer physical and emotional trauma"). Plaintiff, however, no longer appears to be a prisoner. *See* Compl. 1 (showing Plaintiff's return address as a residential address). In addition, Plaintiff briefly mentions in his Complaint that he has an (unspecified) "mental impairment" that contributes to his disability. *Id.* at 3.

## II. LAW

### A. Jurisdictional Pleading Requirements

Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted). Under Rule 8 of the Federal Rules of Civil Procedure "[a] pleading that states a claim for relief *must* contain . . . a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1) (emphasis added). In other words, this rule "requires a plaintiff to allege 'facts sufficient to invoke the court's jurisdiction.'" *Keller v. Comm'r, SSA*, 748 Fed. Appx. 192, 194 (10th Cir. 2018) (unpublished) (quoting *Walden v. Bartlett*, 840 F.2d 771, 775 (10th Cir. 1988)); *see also Mocek v. City of Albuquerque*, 813 F.3d 912, 932 (10th Cir. 2015) (stating that under Rule 8(a)(1), "a complaint must state the jurisdictional basis for *all* of the claims alleged therein" (emphasis added) (citations omitted)). Otherwise, if such facts are not pleaded, the Court may "dismiss a [litigant's] case without prejudice for failure to comply with Rule 8." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 & n.3 (10th Cir. 2007); *see also* Fed. R. Civ. P. 41 (permitting a Court to dismiss a plaintiff's complaint for failure to "comply with these rules [of civil procedure]").

Claims arising under the Social Security Act may only receive judicial review when 42 U.S.C. § 405 permits such a review. *See* 42 U.S.C. § 405(h) (stating that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided"); *Keller*, 748 Fed. Appx. at 194 (stating that "[j]udicial review of claims arising under the Social Security Act is permitted only in accordance

with 42 U.S.C. § 405"). And this statute grants federal courts jurisdiction to review "any *final* decision of the Commissioner." § 405(g) (emphasis added). Furthermore, "a decision of the Commissioner is not 'final' for jurisdictional purposes unless the claimant first exhausts his administrative remedies." *Allred v. SSA*, 315 Fed. Appx. 74, 75 (10th Cir. 2009) (unpublished) (citing 20 C.F.R. §§ 404.900(a), 416.1400(a); *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993); *Califano v. Sanders*, 430 U.S. 99, 102 (1977)); *see also* 20 C.F.R. § 416.1400(a)(5) (stating that the Commissioner's "final decision" occurs after a claimant has "completed the [four] steps of the administrative review process").[2] Therefore, if a plaintiff has not exhausted his administrative remedies, then "[a]bsent a colorable *constitutional* claim . . . a district court does not have jurisdiction to review the [Commissioner's] decision." *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990) (emphasis added); *see also Sanders*, 430 U.S. 109 (applying to lawsuits against the Commissioner the "well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed").

### B. Alleging a Claim Under § 1983

Even if a plaintiff has successfully invoked the court's jurisdiction, a court may nevertheless dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for a plaintiff's "failure to state a claim upon which relief can be granted." And a court may make such a dismissal *sua sponte* and "without affording the plaintiff notice or an opportunity to amend" when (1) it is "'patently obvious' that the plaintiff could not prevail on the facts alleged" and (2) "allowing [the plaintiff] an opportunity to amend his complaint would be futile." *Curley v. Perry*, 246 F.3d 1278 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110) (internal quotation marks

---

[2] There is, however, a narrow exception to this exhaustion requirement. *See id.* (stating that "[a] claimant is excused from the exhaustion requirement if (1) full exhaustion would be futile, (2) he has suffered irreparable harm, and (3) he states a colorable constitutional claim that is collateral to his substantive claim of entitlement to social security benefits" (citing *Marshall*, 5 F.3d at 455; *Mathews v. Eldridge*, 424 U.S. 319, 330-32 (1976))).

4

omitted); *see also Hall*, 935 F.2d at 1109-10 (stating that "[a]lthough dismissals under Rule 12(b)(6) typically follow a motion to dismiss . . . a court may dismiss sua sponte when" these two conditions are met).

"To state a claim under [42 U.S.C.] § 1983 a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Furthermore, "[s]ection 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *see also id.* at 66, 70-71 (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," that such a rule also applies to "governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," and that "[t]he Eleventh Amendment bars such suits [against a State] unless the State has waived its immunity").

### III. DISCUSSION

#### A. Plaintiff's SSA Claim Lacks a Jurisdictional Statement

Plaintiff's Complaint provides this Court with no jurisdictional statement for his claim against the SSA. *See* Compl. 1-7. Although Plaintiff invoked jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, judicial review of such claims is permitted only under 42 U.S.C. § 405. And for this Court to have jurisdiction under § 405, Plaintiff must have first exhausted his administrative remedies so that a "final" decision of the Commissioner can be reviewed. But nowhere in his complaint does Plaintiff allege—either explicitly or implicitly—that he has

5

exhausted his administrative remedies or that he is appealing a "final" decision of the Commissioner. *See* Compl. 1-7.

If Plaintiff has not exhausted his administrative remedies, then this Court "does not have jurisdiction to review the [Commissioner's] decision"—unless Plaintiff is excused from this jurisdictional exhaustion requirement, i.e., by presenting a "colorable constitutional claim." *Nelson*, 927 F.2d at 1111. But, again, nowhere in his complaint does Plaintiff allege a colorable constitutional claim. Although Plaintiff is perhaps upset that the SSA denied his claims due to insufficient evidence—despite Plaintiff's efforts in phoning and writing the SSA, hand-delivering information, and signing "consent to release forms"—such facts simply do not rise to the level of a colorable constitutional claim. *See* Compl. 3, 5.

In sum, Plaintiff's SSA claim does not provide this Court with a "statement of the grounds for [its] jurisdiction"—either under 42 U.S.C. § 405 or as part of a colorable constitutional claim.

**B. Plaintiff's HSD Claim Is Not a Claim Upon Which Relief Can Be Granted**

Even if Plaintiff has adequately stated or established jurisdiction for his § 1983 claim against the HSD, there are nevertheless two fatal problems with this claim. First, as mentioned above, Plaintiff has not "allege[d] the violation of a right secured by the Constitution." *Hall*, 584 F.3d at 864. Second—even assuming such a violation occurred and was properly alleged—Plaintiff nevertheless has not alleged that it was "committed by a *person* acting under color of state law." *Id.* (emphasis added). Instead, Plaintiff alleged that the HSD—an arm of the state of New Mexico that is not a person under § 1983—committed the violation. *See* Compl. 1-3, 5. Consequently, because it does not allege a constitutional violation that was committed by a person acting under color of state law, Plaintiff's HSD claim "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Plaintiff shall **SHOW CAUSE, no later than June 14, 2019,** as to why his Complaint should not be dismissed without prejudice for its failure (1) to "contain . . . a short and plain statement of the grounds for the court's jurisdiction" for the SSA claim and (2) to "state a claim upon which relief can be granted" for the HSD claim. Fed. R. Civ. P. 8(a)(1), 12(b)(6).

**IT IS FURTHER ORDERED** that the Clerk mail a copy of this Order to Plaintiff.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE