# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KENT E. GREENHALGH,

     Plaintiff,

v.                                                No. 19-cv-404 JCH/LF

ANDREW SAUL, *Commissioner of Social Security*,[1] *et al.*,

     Defendants.

## ORDER DISMISSING PLAINTIFF'S COMPLAINT

THIS MATTER is before the Court upon review of plaintiff Kent E. Greenhalgh's "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983." Doc. 1 ("Complaint"). For the reasons stated below, the Court will **DISMISS WITHOUT PREJUDICE** Mr. Greenhalgh's complaint and give him twenty-one days to amend it.

## I.    BACKGROUND

Mr. Greenhalgh's complaint alleges that the Social Security Administration ("SSA") and the New Mexico Human Services Department ("HSD") wrongly denied him disability benefits or "claims for general assistance" and requests that this Court grant him "all past due back pay plus hardship dues." Doc. 1 at 1−2, 5. Mr. Greenhalgh's complaint, however, does not contain a "statement of the grounds for the court's jurisdiction," FED. R. CIV. P. 8(a)(1), for his claim

---

[1] On June 17, 2019, Andrew Saul was sworn in as Commissioner of Social Security. Consequently, Mr. Saul has been "automatically substituted as a party." FED. R. CIV. P. 25(d). Furthermore, because "[l]ater proceedings should be in [his] name," the Court has changed the caption of this case accordingly. *Id.*; *see also* 42 U.S.C. § 405(g) (stating that such an action "survive[s] notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office").

against the SSA.  *See id.* at 1−7.[2]  Neither does his complaint "state a claim upon which relief

can be granted," FED. R. CIV. P. 12(b)(6), for his claim against the HSD.  *See id.* at 1−7.[3]

Consequently, this Court ordered Mr. Greenhalgh to show cause as to why his complaint should

not be dismissed without prejudice for these two failures.  Doc. 5 at 1.

Mr. Greenhalgh timely responded and asked this court (1) to "remand the case back to the

[SSA]," given that "all avenues in the [SSA's] Adjudication Department . . . have been

exhausted" and that additional evidence now shows he is disabled, and (2) to "withdraw any and

all action[s]" against the HSD, given that he "has not exhausted all remedies" with the HSD.

Doc. 6 at 1−2.

## II.  DISCUSSION

Under Rule 8 of the Federal Rules of Civil Procedure, "[a] pleading that states a claim for

relief *must* contain . . . a short and plain statement of the grounds for the court's jurisdiction."

FED. R. CIV. P. 8(a)(1) (emphasis added); *see also Walden v. Bartlett*, 840 F.2d 771, 775 (10th

Cir. 1988) (stating that a plaintiff must allege "facts sufficient to invoke the court's

jurisdiction").  Otherwise, the Court may dismiss a plaintiff's case without prejudice.  FED. R.

---

[2] Although Mr. Greenhalgh invoked jurisdiction under 28 U.S.C. § 1343(3) and 42 U.S.C. § 1983, *id.* at 2, the Court can have jurisdiction over such a claim only under two scenarios:  (1) under 42 U.S.C. § 405, which requires Mr. Greenhalgh to have first exhausted his administrative remedies so that a "final" decision of the Commissioner can be reviewed, or (2) as part of a "colorable constitutional claim."  *Nelson v. Sec'y of Health & Human Servs.*, 927 F.2d 1109, 1111 (10th Cir. 1990); *see also* 20 C.F.R. §§ 404.900(a), 416.1400(a); *Marshall v. Shalala*, 5 F.3d 453, 455 (10th Cir. 1993).

[3] Mr. Greenhalgh's claim under 42 U.S.C. § 1983 against the HSD failed to "allege the violation of a right secured by the Constitution and laws of the United States . . . [or to] show that the alleged deprivation was committed by a person acting under color of state law," items that are required to state a valid § 1983 claim.  *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

Civ. P. 41(b); *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cty. Justice Ctr.*, 492 F.3d 1158, 1162 & n.3 (10th Cir. 2007).[4]

Mr. Greenhalgh's complaint, however, does not provide this Court with a "statement of the grounds for [its] jurisdiction" over the SSA claim. Specifically, nowhere in his complaint does Mr. Greenhalgh allege that he is appealing a "final" decision of the Commissioner—a clear jurisdictional requirement of 42 U.S.C. § 405—or that a constitutional violation occurred. *See* 42 U.S.C. § 405(g); 20 C.F.R. § 416.1400(a)(5); *Nelson*, 927 F.2d at 1111; *Marshall*, 5 F.3d at 455. Although Mr. Greenhalgh's response implies that he perhaps *intends* to appeal a final decision of the Commissioner, *see* Doc. 6 at 1, his complaint never states that he is in fact appealing such a final decision. Therefore, as Mr. Greenhalgh's SSA claim has not been corrected so as to invoke this Court's jurisdiction, the Court will dismiss this claim without prejudice.

Because Mr. Greenhalgh's HSD claim, which he brought under 42 U.S.C. § 1983, does not allege a constitutional violation by an individual acting under color of state law, it is subject to this Court's dismissal. *See* Fed. R. Civ. P. 12(b)(6); *Hall*, 584 F.3d at 864; *Curley v. Perry*, 246 F.3d 1278, 1281−82 (10th Cir. 2001). Consequently, given that this Court cannot grant relief for such a claim and that Mr. Greenhalgh has specifically asked this Court to withdraw this claim, the Court will also dismiss this claim without prejudice.

---

[4] Although "[a] pro se litigant's pleadings are to be construed liberally," *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), such a litigant must nevertheless "follow the same rules of procedure that govern other litigants." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

### III.  CONCLUSION

**IT IS THEREFORE ORDERED** that plaintiff Kent E. Greenhalgh's complaint is

**DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Mr. Greenhalgh shall have twenty-one (21) days to

file an amended complaint.

_____
UNITED STATES DISTRICT JUDGE