IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KENT E. GREENHALGH,

    Plaintiff,

v.                                                                      1:19-cv-00404-JCH-LF

ANDREW SAUL, *Commissioner of*
*the Social Security Administration*,

    Defendant.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

This matter is before the Court *sua sponte*. Pursuant to 28 U.S.C. §§ 636(b)(1) and (b)(3), the Honorable District Judge Judith C. Herrera referred this matter to me for a recommended disposition. Doc. 8. Due to pro se plaintiff Kent E. Greenhalgh's failure to prosecute his case, I recommend that the Court dismiss the case with prejudice.

On December 12, 2019, the Court held a telephonic status conference, which Mr. Greenhalgh attended. Doc. 27. The Court advised Mr. Greenhalgh that it would grant him 45 days to hire an attorney, and that after 45 days, the Court would issue a briefing schedule. *Id*. The Court advised Mr. Greenhalgh that if he did not hire an attorney, he would be responsible for filing his opening brief. *Id*. On January 28, 2020, the Court issued an Order Setting Briefing Schedule, which ordered Mr. Greenhalgh to file his motion to remand no later than March 30, 2020. Doc. 28. The record indicates that the order was mailed to Mr. Greenhalgh at his address of record. There is no indication that Mr. Greenhalgh did not receive the order setting the briefing schedule; however, he failed to file his motion to remand within the time to do so, in violation of the Court's order.

On April 6, 2020, this Court issued an Order to Show Cause, ordering Mr. Greenhalgh to provide the Court with a written explanation showing good cause why he should not be

sanctioned for failing to file his motion to remand in a timely fashion.  Doc. 29.  Mr. Greenhalgh was ordered to respond to the show cause order no later than April 20, 2020 and was warned that failure to respond by this deadline could result in the dismissal of his complaint without further warning.  *Id*. at 2.  There is no indication that Mr. Greenhalgh did not receive the order to show cause; however, he once again failed to respond to it by the deadline set by the Court.

"A district court undoubtedly has discretion to sanction a party for failing to prosecute or defend a case, or for failing to comply with local or federal procedural rules."  *Reed v. Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002).  Because dismissal is a severe sanction, it should be imposed only if a "lesser sanction would not serve the ends of justice."  *Id*. (quotation omitted).  In evaluating whether dismissal is an appropriate sanction, the district court should consider the following factors: (1) the degree of actual prejudice to the opposing party, (2) the degree of interference with the judicial process, (3) the litigant's culpability, (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and (5) whether a lesser sanction would be effective.  *Gripe v. City of Enid*, 312 F.3d 1184, 1188 (10th Cir. 2002) (citing the factors set forth in *Ehrenhaus v. Reynolds*, 965 F.2d 916 (10th Cir. 1992)).  "It is within a court's discretion to dismiss a case with prejudice if, after considering all the relevant factors, it concludes that dismissal alone would satisfy the interests of justice."  *Ehrenhaus*, 965 F.2d at 916.

In this case, the factors weigh in favor of dismissal.  Mr. Greenhalgh failed to obey two orders from this Court:  the order directing him to file his opening brief and the order to show cause.  *See* Docs. 28, 29.  As to the first factor, Mr. Greenhalgh's failure to participate has not caused a high degree of prejudice to defendant.  Defendant filed the administrative record (Doc. 24) and attended a telephonic status conference (Doc. 27), but has not yet invested large amounts of time and effort in this case. The second factor weighs heavily in support of dismissal:  Mr.

Greenhalgh's lack of participation interferes greatly with the judicial process. The Court has invested time and effort in trying to assist Mr. Greenhalgh in moving this case forward, but this has been stymied by Mr. Greenhalgh's refusal to respond or participate. The case cannot move forward without his participation. As to the third factor, Mr. Greenhalgh is culpable for violating the Court's orders. There is no indication that he did not receive the Court's orders, and no explanation as to why he has refused to abide by them. As to the fourth factor, Mr. Greenhalgh was warned in the order to show cause that sanctions—including dismissal—could be imposed. Doc. 29 at 2. As to the fifth factor, the Court has been unable to identify any appropriate lesser sanction in a Social Security case which would secure prosecution of the case. After carefully reviewing the record before the Court, the history of this case, and Mr. Greenhalgh's lack of response to the Court's orders, the Court concludes that no remedy short of dismissal would be effective.

Because the *Ehrenhaus* factors weigh in favor of dismissal, I recommend that pro se plaintiff Kent E. Greenhalgh's complaint be dismissed with prejudice.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). Written objections must be both timely and specific.** *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma***, 73 F.3d 1057, 1060 (10th Cir. 1996). A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. Failure to file timely and specific objections will result in waiver of** *de novo* **review by a district or appellate court. In other words, if no objections are filed, no appellate review will be allowed.**

_____
Laura Fashing
United States Magistrate Judge